IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, § § § Plaintiff, § § vs. § § FIAT U.S.A., INC. and FIAT NORTH § AMERICA LLC, § § Defendants. § | Case No: **PATENT CASE** |

## COMPLAINT

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this Complaint against Fiat U.S.A., Inc. and Fiat North America LLC (collectively "Defendants" or "Fiat") for infringement of United States Patent No. 8,788,090 (hereinafter "the '090 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant Fiat U.S.A., Inc. is a New York corporation with its principal place of business at 7 Times Square Tower, Suite 4306, New

York, NY 10036.

5. On information and belief, Defendant Fiat North America, LLC is a Delaware limited liability company with its principal place of business at 1000 Chrysler Drive, Auburn Hills, MI 48326.

6. On information and belief, this Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

7. On information and belief, Defendants' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

9. Plaintiff incorporates paragraphs 1 through 8 herein by reference.

10. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

11. Plaintiff is the owner by assignment of the '090 patent with sole rights to enforce the '090 patent and sue infringers.

12. A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

13. The '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least claim 1, of the '090 patent by making, using, importing, selling, and/or offering for sale a customizable system to remotely control available automobile functions covered by one or more claims of the '090 patent. Defendants have infringed and continue to infringe the '090 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

15. Defendants sells, offers to sell, and/or uses systems, including, without limitation, the Fiat Access system and the Fiat Access Smartphone App, and related connectable components, which may operate in connection with these systems, which infringe at least Claim 1 of the '090 Patent. These systems and components allow a user to remotely customize the operation of various functions in a car, such as heating and ventilation, door locks, and the like. The user can set preferences through the use of an app which may reside, for example, on a smart phone. Through a login process, a remote server receives the identity of the vehicle and the identity of a user, retrieves the user's preferences, and transmits those preferences to a communication module within the vehicle.

16. Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

17. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

18. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 25, 2015                           Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**ANTHONY RICCIARDELLI**
State Bar No. 24070493
**KIZZIA JOHNSON, PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
(214) 613-3350
Fax: (214) 613-3330
jay@kjpllc.com
bkizzia@kjpllc.com
anthony@brownfoxlaw.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A