IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Case No: 2:15-cv-1875-JRG-RSP |
| vs. | § § | **PATENT CASE** |
| FCA US LLC | § § | |
| Defendant. | § § | |

## FIRST AMENDED COMPLAINT

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this First Amended Complaint against FCA US LLC ("Defendant" or "Fiat") for infringement of United States Patent No. 8,788,090 (hereinafter "the '090 Patent"). Plaintiff's original Complaint named Fiat U.S.A., Inc. and Fiat North America LLC as defendants. Defendants' counsel brought it to the attention of Plaintiff's counsel that the proper defendant is FCA US LLC. Therefore, this First Amended Complaint is intended to drop Fiat U.S.A, Inc. and Fiat North America LLC from this lawsuit and add FCA US LLC as the proper defendant.

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at

1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant FCA US LLC, Inc. is a Delaware corporation with its principal place of business at 1000 Chrysler Dr., Auburn Hills, MI 48326.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '090 patent with sole rights to enforce the '090 patent and sue infringers.

11. A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

12. The '090 Patent is valid, enforceable, and was duly issued in full compliance

with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 patent by making, using, importing, selling, and/or offering for sale a customizable system to remotely control available automobile functions covered by one or more claims of the '090 patent. Defendant has infringed and continue to infringe the '090 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses systems, including, without limitation, the Fiat Access system and the Fiat Access Smartphone App, and related connectable components, which may operate in connection with these systems, which infringe at least Claim 1 of the '090 Patent. These systems and components allow a user to remotely customize the operation of various functions in a car, such as heating and ventilation, door locks, and the like. The user can set preferences through the use of an app which may reside, for example, on a smart phone. Through a login process, a remote server receives the identity of the vehicle and the identity of a user, retrieves the user's preferences, and transmits those preferences to a communication module within the vehicle.

15. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

16. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

17. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)  Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)  Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)  Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d)  Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)  Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 20, 2016          Respectfully submitted,

         */s/ Jay Johnson*
         **JAY JOHNSON**
         State Bar No. 24067322
         **D. BRADLEY KIZZIA**
         State Bar No. 11547550
         **ANTHONY RICCIARDELLI**
         State Bar No. 24070493
         **KIZZIA JOHNSON, PLLC**
         750 N. St. Paul Street, Suite 1320
         Dallas, Texas 75201
         (214) 613-3350
         Fax: (214) 613-3330
         jay@kjpllc.com
         bkizzia@kjpllc.com
         anthony@brownfoxlaw.com

         **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 20, 2016.

         */s/ Jay Johnson*
         Jay Johnson

# EXHIBIT A